11-252-cr
United States v. Medina

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of February, two thousand twelve,

Present:     JOHN M. WALKER, JR.,
             PIERRE N. LEVAL,
             ROSEMARY S. POOLER,
                     *Circuit Judges*.

───────────────────────────────────────────────

UNITED STATES OF AMERICA,

                                    *Appellee*,

          -v-                                          11-252-cr

LUIS MEDINA,[1]

                            *Defendant-Appellant*.

───────────────────────────────────────────────

Appearing for Appellee:     Daniel P. Chung, Andrew L. Fish, Assistant United States
                            Attorneys (of counsel), *for* Preet Bharara, United States Attorney
                            for the Southern District of New York, N.Y.

Appearing for Appellant:    Michael Hurwitz, Hurwitz Stampur & Roth, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Castel, *J.*).

───────────────────

[1]We direct the Clerk of Court to amend the official caption of this case to reflect the parties' designations herewith.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant Luis Medina was convicted of one count of conspiracy to distribute and to possess with intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. § 846 and one count of conspiracy to import into the United States one kilogram or more of heroin, in violation of 21 U.S.C. § 963, after a bench trial on stipulated facts. He was sentenced principally to 70 months' imprisonment. Petitioner now appeals from his January 19, 2011, judgment of conviction. On appeal, Medina asserts that there was not probable cause for his arrest and that the district court erred in denying him minor or minimal participant credit under the sentencing guidelines. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Appellant argues there was not probable cause for his arrest, and so his post-arrest inculpatory statements must be excluded as fruit of the poisonous tree. "Probable cause to arrest a person exists if the law enforcement official, on the basis of the totality of the circumstances, has sufficient knowledge or reasonably trustworthy information to justify a person of reasonable caution in believing that an offense has been or is being committed by the person to be arrested." *United States v. Patrick*, 899 F.2d 169, 171 (2d Cir. 1990). Here, police knew a box containing drugs was addressed to appellant and that he was to be paid $2,000 to pick it up. Police also knew that appellant went to pick up that box accompanied by the person they knew to have arranged for the delivery of those drugs. A person of reasonable caution would be justified in believing that there was at least "a probability or substantial chance of criminal activity," *Illinois v. Gates*, 462 U.S. 213, 244 n.13 (1983), in this situation, and that is all that is necessary.

As to appellant's next contention, the Guidelines provide for a two-level downward departure if "the defendant was a minor participant in any criminal activity" and for a four-level downward departure if "the defendant was a minimal participant." U.S.S.G. § 3B1.2(b). A defendant is not entitled to a reduction "simply because the defendant played a lesser role than his co-conspirators; to be eligible for a reduction, the defendant's conduct must be 'minor' or 'minimal' as compared to the average participant in such a crime." *United States v. Rahman*, 189 F.3d 88, 159 (2d Cir. 1999). Here, the district court found appellant was involved on multiple levels with the drug conspiracy, acting as a courier, packaging drugs, and making drug related wire transfers. The district court did not err denying the minimal and minor participation credits to such a defendant.[2]

---

[2]Although this Court has sometimes reviewed such determinations for clear error and other times de novo, *see United States v. Burgos*, 324 F.3d 88, 91 n. 2 (2d Cir. 2003), we need not decide which standard is appropriate, because in either case we find the district court did not err.

We have examined the remainder of appellant's arguments and find them to be without merit.

Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk